UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN KOHLI,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, WARDEN CALIFORNIA CITY CORRECTIONAL CENTER, *et al*.<br>Respondents. | Case No. 1:26-cv-08966 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

This habeas action concerns the detention of Petitioner Arman Kohli, a noncitizen who has lived in the United States since being released on conditional parole by immigration authorities. He contends that the revocation of his parole without notice or a pre-deprivation hearing violated his procedural due process rights under the Fifth Amendment.[1] For the reasons explained below, the petition is GRANTED, and the motion for a temporary restraining order is resolved as moot.

## I. BACKGROUND

Petitioner is a citizen of India who entered the United States after crossing the Tecate, California border in October 2024. Dkt. No. 6-1 at 5; Dkt. No. 1 ¶ 53. United States Customs and Border Protection promptly took him into custody following his crossing. Dkt. No. 6-1 at 5. He

---

[1] Petitioner also brings claims for violation of his substantive due process rights (count 1), violation of his Fourth Amendment rights (count 3), and violation of the Immigration and Nationality Act (count 5). *See* Dkt. No. 1 ¶¶ 76–80, 86–97. Because his procedural due process claim (count 2) afford him all the relief to which he is entitled, the Court does not address his remaining claims for relief.

was released two months later on conditional parole, with instructions to report to the ICE office in San Bernardino, California. Dkt. No. 1 ¶ 57; Dkt. No. 1-2 at 17. In releasing Petitioner on parole, immigration officials necessarily determined that he did not present a security risk or a risk of absconding. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Following his release, Petitioner timely applied for asylum and received work authorization from USCIS. Dkt. No. 1 ¶¶ 58–59.

In September 2025, Petitioner was arrested on an allegation of assault causing bodily injury to a family member, and was taken into state custody. *Id.* ¶ 62. All charges against him were dropped in December 2025. *Id.* However, rather than being release from county jail, Petitioner was transferred directly to ICE custody. *Id.* ¶ 63; Dkt. No. 6-1 at 2. Following his transfer, ICE served Petitioner with a Notice to Appear charging him as inadmissible under 8 U.S.C. §§ 1182(a)(7)(A)(i)(I) and 1182(a)(6)(A)(i) and placing him in removal proceedings. Dkt. No. 1-2 at 7. ICE did not provide Petitioner with notice of the basis for the revocation of his parole, nor did they give Petitioner an opportunity to challenge it at a bond hearing. Dkt. No. 1 ¶ 84.

After being detained for nine months without a bond hearing, Petitioner filed a habeas petition in the Western District of Oklahoma. *Id.* ¶ 68; Dkt. No. 6-5 at 1–3. In ruling on the petition, the court found that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and that he was entitled to a custody redetermination hearing under that statute. Dkt. No. 6-5 at 2. The court did not address due process in the order, or Petitioner's prior release from immigration custody.

Petitioner was provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) in October 2026. *See* Dkt. No. 6-6 at 1. The immigration judge denied release on bond, determining that Petitioner was a flight risk. *Id.* The order consists of a checked box stating, "Denied, because Respondent is a flight risk – unlikely to comply with an order of removal." *Id.*

## II. DISCUSSION

Petitioner argues that he is entitled to release from custody because he was not provided with notice or an opportunity to be heard before his parole was summarily revoked, in violation of his procedural due process rights under the Fifth Amendment. *See id*. ¶¶ 81–85. Respondents oppose relief, arguing that Petitioner received the process he was entitled to when the immigration court held a bond hearing. Dkt. No. 6 at 1. This argument lacks merit.

"[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody []he has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond."). Here, the Government's election to release Petitioner on conditional parole in 2024 "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, 2025 WL 1771438, at *3 (collecting cases finding that noncitizens who have been released have a strong liberty interest).

In determining what process is due commensurate with a noncitizens' liberty interest, many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable

value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Petitioner's favor. First, Petitioner has a significant private interest in his continued release from custody. Petitioner was released by the Government and living at liberty for nearly a year prior to his re-detention. During that time, Petitioner applied for asylum and was authorized to work lawfully in the United States while he awaited the outcome of his removal proceedings. His detention denies him that freedom.

As to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when "[the Petitioner] has not received any bond or custody redetermination hearing" where the Government is required to show changed circumstances justifying revocation of a noncitizen's release. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Here, Petitioner did receive something of a post-deprivation hearing where the immigration judge denied release, finding that Petitioner was a flight risk. However, that bond hearing was insufficient to protect Petitioner's liberty interests because it placed the burden of proof on Petitioner, rather than on the Government. Where, as here, the Government alleges that changed circumstances render re-detention necessary, the appropriate remedy is a hearing at which the Government has the burden of making this showing. *See Calvillo v. Chestnut*, No. 1:26-CV-00569-DC-CSK (HC), 2026 WL 253627, at *3 (E.D. Cal. Jan. 31, 2026) (ordering a constitutionally adequate bond hearing where "Respondents [had] viably alleged that Petitioner's re-detention was precipitated by a changed circumstance arguably indicating that Petitioner [was] a threat to public safety"). Petitioner has not received this protection.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, the Government's interest in detaining Petitioner without a constitutionally adequate hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025).

In immigration court, custody hearings are routine and impose a “minimal” cost. *Doe*, 787 F. Supp. 3d 1094. Accordingly, Petitioner’s current detention violates his Fifth Amendment due process rights and requires a bond hearing at which the Government bears the burden of proof.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Petition is GRANTED. IT IS HEREBY ORDERED that Respondents provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge at which the Government shall bear the burden of justifying Petitioner’s continued detention by clear and convincing evidence, within fourteen (14) days of this Order, or a later date upon Petitioner’s request. Respondent’s must provide Petitioner with notice of any such bond hearing at least seven (7) days in advance of the hearing.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 20, 2026

VINCE CHHABRIA
United States District Judge